UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00010-MR

| | |
|---|---|
| WILLIAM J. DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CALEDONIA MEDICAL DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

**I.     BACKGROUND**

In this action filed on January 23, 2023, pro se Plaintiff William J. Davidson ("Plaintiff"), a state prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, purports to bring claims arising out of events occurring at Caledonia Correctional Institution ("Caledonia CI") in Tillery, North Carolina.[1]  Plaintiff names "Caledonia Medical Department," three unidentified nurses, and one unidentified doctor as Defendants in this matter, in their individual capacities only. [Doc. 1 at 1-

---

[1] Tillery, North Carolina, is in the Eastern District.  Caledonia CI is now called Roanoke River Correctional Institution.

4]. Plaintiff alleges that Defendants violated his constitutional rights through their deliberate indifference to Plaintiff's serious medical needs. [Id. at 11-14]. For injuries, Plaintiff's claims that he continues to suffer physically from a stroke that Defendants failed to timely diagnose and treat. [See id. at 9]. For relief, Plaintiff seeks injunctive relief, compensatory damages, and provision of "commissary necessities." [Id. at 18-19].

**II.  DISCUSSION**

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it

is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this action to the Eastern District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Eastern District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 27, 2023

Martin Reidinger
Chief United States District Judge